UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE
SERVICING,

    Plaintiff,

v.                                     Case No. 8:25-cv-1779-TPB-CPT

STACI ANNETTE VARNUM,

    Defendant.
_____/

## ORDER REMANDING CASE

This matter is before the Court *sua sponte* on Defendant Staci Annette Varnum's notice of removal. (Doc. 1). After reviewing the notice of removal, court file, and the record, the Court finds as follows:

The present case stems from a mortgage foreclosure action filed on February 12, 2024, in the Sixth Judicial Circuit in and for Pasco County, Florida, by Plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing. A uniform final judgment of foreclosure was entered on June 13, 2024, but a foreclosure sale was cancelled due to Defendant's suggestion of bankruptcy filed on September 10, 2024. Since then, the sale was reset for January 29, 2025, and then rescheduled for July 10, 2025. That sale was cancelled at Plaintiff's request, and no new date has been set.

On July 10, 2025, Defendant attempted to remove the case from state court. In the notice of removal, Defendant contends that jurisdiction is proper because "Plaintiff's claims and defenses involve substantial questions of federal law including violations of the Constitution of the United States and statutes such as the Real Estate Settlement

Procedures Act (RESPA), Truth in Lending Act (TILA), Fair Debt Collection Practices Act (FDCPA), and the Racketeer Influenced and Corrupt Organizations Act (RICO)." As explained, this matter does not belong in federal court.

Under 28 U.S.C § 1331, district courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Here, Plaintiff brought a verified mortgage foreclosure action in state court pursuant to state law. Although Defendant did not include copies of the state court filings with her notice of removal, the Court has reviewed the state court docket. The complaint does not assert a cause of action under the United States Constitution or any federal statute, nor does Plaintiff's right to foreclose depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (internal quotations omitted). As a result, this Court lacks subject matter jurisdiction.

In addition, the Eleventh Circuit has clarified that, in the context of foreclosure proceedings, if a party has exhausted its opportunities for relief in state court, "either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . removal itself may be

improper." *Aurora Loan Servs., LLC v. Allen*, 762 F. App'x 625, 628 (11th Cir. 2019) (quoting *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198-99 (11th Cir. 1991)). In *Aurora*, the Eleventh Circuit found that where a defendant in a foreclosure action attempts "to remove the foreclosure action [after] final judgment, there [is] no state-court action pending at the time to remove, inasmuch as nothing remain[s] for the state courts to do but execute the judgment." *Id.* (citing *Oviedo v. Hallbauer*, 655 F.3d 419, 425 (5th Cir. 2011)). Defendant's notice of removal does nothing except stymy the execution of a valid, final judgment in state court.

Because the Court lacks subject matter jurisdiction, this case is due to be remanded to the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida, due to lack of subject matter jurisdiction.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE